UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

Docket No.: 04-10073-NG
Defendant No. 1

|  |  |
|---|---|
| United States of America | ) |
| v. | ) **DEFENDANT'S PROPOSED** |
|  | ) **FINDINGS OF FACT AND** |
|  | ) **RULINGS OF LAW** |
| Elias Abad, a/k/a | ) |
| Elias E. Abad Veras | ) |

Defendant, Elias Abad, a/k/a Elias E. Abad Veras (hereinafter, Defendant) respectfully requests that the following findings of fact and rulings of law be made in this case.

## FINDINGS OF FACT

1. On May 17, 2003, Defendant, using the identity of Gregorio Garcia, a United States citizen, submitted an application for a United States Passport, Form DS-11, at the United States Post Office located at 139 Harborside Drive in East Boston, Massachusetts.

2. In support of said application, Defendant submitted, among other things, a Puerto Rican birth certificate and a Massachusetts Department

of Transitional Assistance Identification card, both in the name of Gregorio Garcia.

3. Defendant also signed said application as Gregorio Garcia in the presence of an authorized passport acceptance clerk, attesting that all the information contained in said application was true.

4. In connection with the above-mentioned application for a passport, Defendant misrepresented his identity as that of Gregorio Garcia, an actual United States citizen. However, in connection with said application for a passport, Defendant did not specifically misrepresent that Defendant himself, Elias Abad, a/k/a Elias E. Abad Veras, was a United States citizen.

5. In September of 2003, agents from the United States Department of State, Diplomatic Security Service, received information that the person who submitted the above-mentioned application as "Gregorio Garcia" was, in fact, a Dominican

2

    Republic national whose true name is "Elias Abad."

6. After collecting and comparing documents and photographs from the Federal Bureau of Investigation's criminal database records, the Massachusetts Bay Transit Authority Police arrest report records, the Massachusetts Registry of Motor Vehicles' driver's license records, and Bureau of Immigration and Customs Enforcement files in the name of "Elias Abad," agents confirmed that the applicant's true name is Elias Abad, and that his date of birth is September 2, 1961.

7. On February 3, 2004, a criminal complaint was filed in the United States District Court for the District of Massachusetts, at Boston, charging Defendant with Passport Fraud, in violation of 18 U.S.C., sec. 1542.

8. On February 18, 2004, Defendant was arrested by federal agents and appeared in the United States District Court for the District of Massachusetts,

at Boston, before United States Magistrate Judge Charles B. Swartwood, III, who released Defendant on personal recognizance, with certain restrictive conditions.

9. On March 16, 2004, a one-count felony indictment was filed in the United States District Court for the District of Massachusetts, charging Defendant with Passport Fraud, in violation of 18 U.S.C., sec. 1542.

10. The information charges that on or about May 17, 2003, at Boston, in the District of Massachusetts, Defendant knowingly made a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States for his own use and the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, all in violation of 18 U.S.C., sec. 1542.

11. On June 30, 2005, Defendant appeared in the United States District Court for the District of

Massachusetts, at Boston, before the Honorable Nancy Gertner, waived indictment, and entered a plea of guilty to the information contained in the above-mentioned indictment. After a factual basis was presented, the Court accepted said plea and disposition was initially scheduled for September 14, 2005, and was thereafter continued.

12. Defendant has admitted involvement in the instant offense and is being granted acceptance of responsibility.

13. Defendant has been sober for more than 18 months, regularly reports to Alcoholics Anonymous meetings and actively participates in individual and group therapy through Noddle's Island Multi-Service Agency in East Boston, Massachusetts.

14. In the past 18 months, Defendant has improved his quality of life and has become an important member of his community.

15. Defendant has a United States Citizen child, Jeffrey Abad Rivera, born on June 19, 1995, in

Boston, Massachusetts. Defendant supports his son emotionally and, when possible, offers him financial help.

16. Defendant takes General Educational Development (GED) courses in Spanish two times each week. Defendant hopes to use the skills he has harnessed to obtain employment when his health allows him to do so.

17. Two of Defendant's other children have recently moved to the United States from the Dominican Republic. Defendant is very happy to be with them and provides both of them with financial and emotional support.

18. Defendant has an elderly mother for whom he cares very much. Imprisonment would result in separation from Defendant's mother, who relies on him very much.

19. In light of all of the above circumstances, Defendant warrants a downward departure from the applicable sentencing guidelines.

## Rulings of Law

1. 18 U.S.C., sec. 1542 provides, in pertinent part, that "whoever willfully and knowingly makes any false statement in an application for [a] passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or for the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws...shall be fined..., imprisoned..., or both." 18 U.S.C.A., sec. 1542 (West 2005).

2. "The knowing use of any false statement to secure a passport, including the use of a false name or birth date, constitutes a violation of [18 U.S.C., sec. 1542,] imposing criminal penalties for making a false statement in an application for a passport." 59A Am.Jur.2d Passports, sec. 55 (West 2005), citing U.S. v. Suarez-Rosario, 237 F.3d 1164 (9th Cir. 2001).

3. Immigration and Nationality Act (INA), sec. 237(a)(3)(D), 8 U.S.C., sec. 1227(a)(3)(D),

7

provides, in pertinent part, that "any alien who falsely represents, or has falsely represented, <u>himself to be a citizen</u> of the United States for any purpose under...any Federal or State law is deportable." 8 U.S.C.A., sec. 1227(a)(3)(D)(West 2005)(emphasis added).

4. I conclude that a conviction of Defendant for violating 18 U.S.C., sec. 1542 in the instant case does not constitute a violation of INA, sec. 237(a)(3)(D), 8 U.S.C., sec. 1227(a)(3)(D), since, INA, sec. 237(a)(3)(D), 8 U.S.C., sec. 1227(a)(3)(D), specifically provides, in pertinent part, that an alien is deportable if he "falsely represents, or has falsely represented <u>himself to be a citizen</u> of the United States." 8 U.S.C.A., sec. 1227(a)(3)(D)(West 2005)(emphasis added). In the case at bar, in completing the passport application at issue, Defendant misrepresented his identity as that of Gregorio Garcia, an actual United States citizen. Defendant did not specifically "falsely represent himself to be a citizen of the United States" within the meaning of INA, sec. 237(a)(3)(D), 8

8

U.S.C., sec. 1227(a)(3)(D), since Defendant did not specifically misrepresent that Defendant himself, Elias Abad, a/k/a Elias E. Abad Veras, was a United States Citizen.

5.  For the foregoing reasons, I also conclude that Defendant is not inadmissible under INA, sec. 212(a)(6)(C)(ii), 8 U.S.C., sec. 1182(a)(6)(C)(ii) (for falsely claiming citizenship) by virtue of a conviction of violating 18 U.S.C., sec. 1542 in the instant case.  See INA, 212(a)(6)(C)(ii), 8 U.S.C.A., sec. 1182(a)(6)(C)(ii)(West 2005).

Dated: 10-20-05

Respectfully Submitted,
Defendant,
Elias Abad, a/k/a
Elias E. Abad Veras,
By his attorney,

Jeffrey B. Rubin, Esq.
BBO#: 640964
Rubin & Mann, P.C.
One Center Plaza
Suite 230
Boston, MA  02108
(617) 367-0077

9

# RUBIN & MANN, P.C.
ATTORNEYS AT LAW

### CERTIFICATE OF SERVICE

I, Jeffrey B. Rubin, do hereby certify that true and accurate copies of Defendant's Proposed Findings of Fact and Rulings of Law have been delivered via first-class mail to:

**Donald L. Cabell**
**Assistant United States District Attorney**
**John Joseph Moakley U.S. Courthouse**
**One Courthouse Way, Suite 9200**
**Boston, Massachusetts 02210**

**Jo Lyness**
**U.S. Probation Officer**
**John Joseph Moakley U.S. Courthouse**
**One Courthouse Way, Suite 1200**
**Boston, Massachusetts 02210**

_____
Jeffrey B. Rubin, BBO# 640964

October 20, 2005

ONE CENTER PLAZA, SUITE 230 • BOSTON, MA 02108 • 617.367.0077 • FAX 617.367.0071 • WWW.RUBINMANN.COM